UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:10-cr-00007-JMS-CMM |
| | ) | |
| BRADLEY SHELTON, | ) -5 | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Bradley Shelton filed a Motion for Relief from the Court's December 15, 2023 Order Denying Motion to Reduce Sentence. Dkt. 1956. For the reasons explained below, his motion is **DENIED**.

## I.
## Background

In March 2011, a jury found Mr. Shelton guilty of conspiracy to distribute 500 grams of methamphetamine mixture and 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851, and distribution of 50 grams or more of methamphetamine mixture in violation of 21 U.S.C. §§ 841(a)(1) and 851. Dkt. 1138 at 1. According to the Presentence Investigation Report, between August 2009 and March 2010 Mr. Shelton was a member of a drug trafficking operation in which he distributed methamphetamine that had been shipped from California to Terre Haute, Indiana. Dkt. 1104 at 6. Over that time, Mr. Shelton distributed approximately 80 ounces or 2.26 kilograms of methamphetamine in the Terre Haute area. *Id.* at 7.

Mr. Shelton faced a guidelines range of 360 months to life imprisonment and a mandatory minimum penalty of life imprisonment. Dkt. 1104 at 20. Accordingly, the Court sentenced him to life imprisonment. Dkt. 1138 at 2.

Mr. Shelton initially filed a Motion for Compassionate Release pro se. Dkt. 1840. After counsel was appointed, Mr. Shelton filed an amended motion. Dkt. 1892. Mr. Shelton argued that he established extraordinary and compelling reasons for compassionate release because: (1) a change in the law results in a disparity between the sentence he received and the sentence he would receive today; (2) he suffers from serious medical conditions and those conditions render him vulnerable to serious complications from COVID-19 infection; and (3) his facility has failed to adequately address the COVID-19 pandemic, placing him at continued risk of contracting illness. Dkt. 1840; Dkt. 1892. Mr. Shelton also argued that § 404 of the First Step Act of 2018 permits the Court to reduce his sentence. Dkt. 1840 at 5-10. The United States opposed the motions. Dkt. 1897. In addition to opposing the merits of Mr. Shelton's motions, the Government argued that Mr. Shelton has failed to adequately exhaust administrative remedies before filing his motions. Dkt. 1897 at 8-9. Because Mr. Shelton's motions established that he may have raised grounds that implicates Amendment 814 to the United States Sentencing Commission, which took effect on November 1, 2023, the Court ordered Mr. Shelton to file an amended motion if he sought to invoke grounds for compassionate release under Amendment 814. Dkt. 1928. Mr. Shelton did not file an amended motion in response to the Court's order.

The Court denied Mr. Shelton's motions for compassionate release for the following reasons: (1) he did not properly exhaust his request administratively; (2) he failed to carry his burden to show that this is an extraordinary and compelling reason for release; and (3) the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor. Dkt. 1953. The Court also denied relief under § 404 of the First Step Act because he was ineligible for relief under that provision. *Id.*

2

Mr. Shelton then filed a Motion for Relief from the Court's December 15, 2023 Order Denying Motion to Reduce Sentence. Dkt. 1956. In his motion, Mr. Shelton states that his counsel believed he could not file an amended motion based on Amendment 814 because such arguments had not been previously brought and that he did not intend to abandon Amendment 814 grounds for relief. Dkt. 1956 at 2. He further argues that the Court should reconsider its prior order because there were changes in the law which would result in Mr. Shelton facing a mandatory minimum sentence of 15 years rather than the life minimum sentence he faced at the time of sentencing. *Id.* at 1956. The Court has concluded that it can resolve the motion without a response from the United States.

## II.
## Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180-81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

3

"[M]otions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010).  Motions to reconsider are governed by either Federal Rule of Civil Procedure 59(e), for motions to alter or amend judgment, or 60(b), for motions for relief.  *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). Mr. Shelton is seeking relief from the Court's judgment, and the Court will treat his motion as a motion under Rule 60(b).

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (internal quotations and citation omitted).  "A manifest error is not demonstrated by the disappointment of the losing party.  It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations and citation omitted).  A motion for reconsideration may be granted where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted).  "A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* (citation omitted).  "Such problems rarely arise and the motion to reconsider should be equally rare." *Id.* (citation omitted).

"Motions to reconsider 'are not replays of the main event.'" *Dominguez v. Lynch*, 612 Fed. App'x 388, 390 (7th Cir. 2015) (quoting *Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014)). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or

arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale*, 90 F.3d at 1270.

Mr. Shelton's motion to reconsider consists only of arguments that could previously have been brought before the court in an amended motion as the Court instructed. Even if Mr. Shelton's argument that his sentence would be different today is meritorious, he could have brought that argument before the Court while his motion was previously pending and was in fact invited to do so. That Mr. Shelton's counsel misunderstood the Court's instructions does not lead to the conclusion that the Court committed a manifest error in law and also does not constitute the discovery of new evidence. Mr. Shelton had an opportunity to bring his argument regarding a change in the law in his amended motion if he did not wish to waive that argument, and his attorney should have been aware of the contents of the Court's order and of the Court's intention to enforce its order. The Court ruled on the motion after it was fully briefed and will not relitigate underdeveloped arguments through a motion to reconsider. *See Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 439 (7th Cir. 1999) ("The motion for reconsideration is not an opportunity for a party to correct its own procedural failures."). For those reasons, a motion to reconsider is not proper under these circumstances.

Even if Mr. Shelton had not waived this argument by failing to raise it in his amended motion, the Court, in its prior order, stated three independent grounds for denial of compassionate release. Dkt. 1953. Any one of these grounds would alone be sufficient for the Court to deny Mr. Shelton's motion for compassionate release, and Mr. Shelton's motion for reconsideration does not suggest that the Court committed any error with regard to exhaustion or the § 3553(a) sentencing factors. Failure to demonstrate any reason why the Court's ruling regarding exhaustion and § 3553 should be altered is fatal to Mr. Shelton's motion to reconsider. The Court finds its stated grounds

regarding exhaustion and § 3553 sufficient to deny Mr. Shelton's original motion, and thus must **deny** Mr. Shelton's Motion for Relief.

### III.
### Conclusion

For the reasons stated above, Mr. Shelton's Motion for Relief from the Court's December 15, 2023 Order Denying Motion to Reduce Sentence, dkt. [1956], is **denied**.

**IT IS SO ORDERED.**

Date: 2/8/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel